STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION, APPELLEE v. RAIL COMMON CARRIERS—FILING PROPOSING INCREASED RATES, SCHEDULED TO BECOME EFFECTIVE MARCH 24, 1978, APPELLANTS

No. 7810UC990

(Filed 17 July 1979)

1. **Utilities Commission § 4— rate regulation—nature of case presented to Commission—evidence to support determination**

    The Utilities Commission's determination with regard to the nature of the case presented must be supported by competent, material and substantial evidence in view of the entire record as submitted. G.S. 62-94(b)(5).

2. **Utilities Commission § 10— rail carriers—rate regulation—determination as to general rate case unsupported by evidence**

    The Utilities Commission had insufficient evidence before it to support its determination that a proposed rate increase by appellant rail carriers was a general rate increase where the only information before the Commission at the time it entered its first order was the filing made by the carriers which contained little more than notice that the carriers proposed an increase of 10% in line-haul rates and charges on unmanufactured tobacco, applicable to intrastate shipments within N. C.; at the time the Commission entered its second order the only additional information before it was a table showing that the in-

trastate transportation of unmanufactured tobacco generated 458 carloads or approximately 0.65% of the carloads and approximately 1.02% of the revenues derived annually by the Southern Railway System from the intrastate transportation of commodities in N. C.; and the information before the Commission was insufficient to establish that the proposed rate increase involved anything other than the reasonableness of a specific single rate, a small part of the rate structure, or some classification of users involving questions which did not require a determination of the entire rate structure and overall rate of return. G.S. 62-137.

Judge MARTIN (Robert M.) concurs in the result.

APPEAL by applicants from orders of the North Carolina Utilities Commission entered 14 March 1978 and 10 August 1978. Heard in the Court of Appeals 28 June 1979.

During February of 1978, Mr. Montague C. Steele, Tariff Publishing Officer, Southern Freight Tariff Bureau, Southern Freight Association, filed a tariff schedule with the North Carolina Utilities Commission [hereinafter "Commission"] for and on behalf of certain rail common carriers operating in North Carolina. That tariff schedule contained a proposal to increase the carriers' rates and charges on all intrastate line-haul shipments of unmanufactured tobacco within North Carolina by 10 percent effective 24 March 1978. The Commission responded on 14 March 1978 by entering an order stating in part that:

> Upon consideration of the tariff filing and the matter as a whole, the Commission is of the opinion, finds and concludes, that the proposed increase involved herein is a matter affecting the public interest and that this filing constitutes a general increase as provided in GS 62-137. The Commission further concludes that under the circumstances and conditions hereinbefore enumerated, the tariff filing should be rejected by the Commission for failure to comply with Rule R1-17, and GS 62-300(3); provided, however, that this rejection should be without prejudice to the carriers' right to refile.

The Commission rejected the tariff schedule as filed and ordered the carriers to make an appropriate publication showing that the proposed tariff, which previously had been published, had been rejected and canceled with regard to transportation of traffic in intrastate commerce within North Carolina. Commissioner Ed-

ward B. Hipp filed a dissenting opinion. From the entry of that order by the Commission, the carriers gave notice of appeal.

In addition, the carriers filed a motion for a rehearing which the Commission granted. Attached to that motion was a table purporting to show the number of railroad cars used in hauling particular commodities in the Southern Railway System during 1976 and the revenue derived therefrom. According to that table, carloads of unmanufactured tobacco accounted for approximately 0.65 percent of the carloads of commodities transported intrastate and generated approximately 1.02 percent of the revenues that the Southern Railway System derived from the intrastate transportation of commodities.

A hearing was conducted on 27 June 1978 and oral arguments were presented to the Commission. The Commission entered an order on 10 August 1978 stating, in part, that:

> After further hearings on exceptions before the full Commission, and upon review of the entire record in this docket, including oral argument on exceptions, the Commission concludes that the Exceptions filed on April 11, 1978 should be overruled, and that the Commission should affirm and adopt the filings (sic) and conclusions contained in its Order of March 14, 1978. The Commission finds and concludes that the tariff filing involved a general rate case under GS 62-137 and that the Applicants failed to comply with GS 62-300 and N.C.U.C. Rule R1-17.

Commissioner Hipp, joined by Commission Chairman Robert K. Koger, dissented from the order of 10 August 1978. From the Commission's order of 10 August 1978 and its order of 14 March 1978, the carriers appealed to this Court.

Other facts pertinent to this appeal are hereinafter set forth.

*Joyner & Howison, by W. T. Joyner, Jr. and Odes L. Stroupe, Jr.; and Maupin, Taylor & Ellis, P.A., by Thomas W. H. Alexander; for applicants appellants.*

*North Carolina Utilities Commission Public Staff, by Hugh A. Wells, Executive Director, Jerry B. Fruitt, Chief Counsel and Theodore C. Brown, Jr., Staff Attorney, for the using and consuming public.*

MITCHELL, Judge.

The sole assignment of error presented on appeal by the appellant carriers is that the Commission erred in its determination that the proposed rate increase by the carriers is a general rate increase, which finding would require the carriers to furnish information and fees in compliance with the requirements of G.S. 62-133 and G.S. 62-300 governing general rate cases and would require the Commission to hold its hearings in compliance with G.S. 62-133. In support of this assignment, the carriers contend that the Commission exceeded its authority under G.S. 62-137 to determine whether a case is a general rate case in order to set the scope of a hearing relative to a proposed increase in rates. They further contend the proposed increase in rates is confined to the reasonableness of a specific single rate which is a small part of the rate structure and, therefore, does not constitute a general rate case. In response to the assignment and contentions of the carriers, the Commission contends that G.S. 62-137 makes it the province of the Commission to determine whether a given case will be a general rate case under G.S. 62-133, and that such determination by the Commission is not reviewable. The Commission alternatively contends that, even if its determination is reviewable, the determination is correct.

The Commission is vested with powers to exercise some functions judicial in nature and some functions legislative in nature. It does not possess the full powers of either branch, however, but only that portion of each conferred upon it in G.S. Chapter 62. *See Utilities Comm. v. Telephone Co.*, 281 N.C. 318, 189 S.E. 2d 705 (1972). It is specifically provided in G.S. 62-60 that:

> For the purpose of conducting hearings, making decisions and issuing orders, . . . the Commission shall be deemed to exercise functions judicial in nature and shall have all the powers and jurisdiction of a court of general jurisdiction as to all subjects over which the Commission has or may hereafter be given jurisdiction by law.

When the Commission exercises its powers to make decisions and issue final orders, those decisions and orders must contain "Findings and conclusions and the reasons or bases therefor upon all the material issues of fact, law, or discretion presented in the record. . . ." G.S. 62-79(a)(1). The Commission is required to "ren-

der its decisions upon questions of law and of fact in the same manner as a court of record." G.S. 62-60. Therefore, the Commission's findings must be, as a matter of law, supported by competent evidence. *See Utilities Commission v. Towing Corp.*, 251 N.C. 105, 110 S.E. 2d 886 (1959). All relevant questions of law may be reviewed by this Court on appeal. Thus, it is proper for us to decide, among other questions of law, whether the findings of fact made by the Commission and contained in its orders are supported by competent, material and substantial evidence. G.S. 62-94(b)(5).

[1] The correctness *vel non* of the Commission's declaration with regard to the nature of a case involving rates is determined by deciding:

> whether it is to be a general rate case, under G.S. 62-133, or whether it is to be a case confined to the reasonableness of a specific single rate, a small part of the rate structure, or some classification of users involving questions which do not require a determination of the entire rate structure and overall rate of return.

G.S. 62-137. The question of whether the case "is to be a general rate case" under the terms of G.S. 62-137 is a mixed question of law and fact. As to such questions, courts should be hesitant to disturb the Commission's expert determination with regard to the nature of the case presented, particularly when its determination is made prior to hearing and for the initial purpose of setting the scope of the hearing and the resulting amount of information which the public utility will be required to furnish. Even at that stage, however, the Commission's determination must be supported by "competent, material and substantial evidence in view of the entire record as submitted." G.S. 62-94(b)(5).

[2] At the time the Commission entered its order of 14 March 1978, it had before it only the February filing made on behalf of the carriers. That filing contained little more than notice that the carriers proposed an increase of 10 percent in line-haul rates and charges on unmanufactured tobacco, applicable to intrastate shipments within North Carolina. This did not constitute sufficient evidence in the record to support either the Commission's determination that the case was to be a general rate case or the action of the Commission. This is particularly true in light of the

fact that here the Commission, rather than merely setting the scope of the case pursuant to G.S. 62-137, proceeded to reject the filing altogether.

When the Commission entered its order of 10 August 1978, the only information before it in addition to that contained in the carriers' February filing was a table which was attached to the carriers' motion for rehearing and is a part of the record on appeal. When the information contained in that table is reviewed in the light most favorable to the Commission, it shows that the intrastate transportation of unmanufactured tobacco generated 458 carloads or approximately 0.65 percent of the carloads and approximately 1.02 percent of the revenues derived annually by the Southern Railway System from the intrastate transportation of commodities in North Carolina. Assuming *arguendo* that the Commission had authority to enter further orders after the carriers gave notice of appeal from the order of 14 March 1978 such information, standing alone was not sufficient to support, as a matter of law, findings of fact and conclusions of law determining that the proposed rate increase was a general rate increase. The information before the Commission remained insufficient to establish in and of itself that the proposed increase involved anything other than "the reasonableness of a specific single rate, a small part of the rate structure, or some classification of users involving questions which do not require a determination of the entire rate structure and overall rate of return." G.S. 62-137. Nothing contained in the filings of the carriers, for example, indicated whether the figures for long haul intrastate shipment of tobacco involved one or more than one shipper. The information similarly fails to reveal the number of separate contracts for shipment relating to the 458 carloads of tobacco hauled intrastate or whether they were all hauled pursuant to one contract or agreement.

As the Commission based its orders rejecting the carriers' filing upon a determination of the nature of the case before it which was itself not based upon findings supported by competent, material and substantial evidence in view of the entire record, the orders of the Commission were erroneously entered. The orders of the Commission which are the subject of this appeal must be vacated and the case remanded to the Commission for further action in accordance with applicable law.

In their brief and during oral arguments before us in this case, the carriers have urged us to render a comprehensive opinion defining and distinguishing general rate cases controlled by G.S. 62-133, tariff filings seeking changes in rates controlled by G.S. 62-134 and cases involving complaints. We decline to take advantage of this opportunity, however, as such determinations are best left, at least in the first instance, to the legislature or to the Commission in its expert exercise of the legislative powers conferred upon it by G.S. 62-31 to make and enforce rules and regulations for public utilities. The record before us clearly indicates that the Commission has under consideration proposed new rules which would answer the very questions the carriers seek to have us address. Thus, we are confident the parties will present us with ample future opportunities to reach these issues, and we decline to reach them here.

The orders entered by the Commission on 14 March 1978 and 10 August 1978 are hereby vacated and the case remanded to the Commission.

Vacated and remanded.

Judge WEBB concurs.

Judge MARTIN (Robert M.) concurs in the result.